## Goldberg v. Montgomery County Assessment Board

*Lefkoe & Beeghley*, for appellant.

*Bean, DeAngelis, Tredinnick & Giangiulio*, for board for assessment and revision of taxes.

HONEYMAN, J., November 24, 1965.—Appellant, Sarah Goldberg, owner of a 70-acre tract of land located on Long Road, Marlboro Township, Montgomery County, Pa., appealed to the board for the assessment and revision of taxes in Montgomery County (hereinafter called "board") on an increased assessment for the tax year 1965 from $25,000 to $35,000. On January 29, 1965, the board refused to grant a reduction in assessment for the year 1965. Appellant was notified of the board's action on February 3, 1965. Thereafter, on March 24, 1965, 53 days after the board's final decision on this matter, this appeal was filed under the provisions of the Act of May 22, 1933, P. L. 853, sec. 518.1, as amended, 72 PS §5020-518.1, entitled The General County Assessment Law. In answer to this appeal, the board filed preliminary objections to the petition for appeal on the ground that the appeal was not timely filed under the provisions of the Third Class County Assessment Law of June 26, 1931, P. L. 1379, as amended, 72 PS §5350, which requires same to be filed within 30 days from the final fixing of her assessment and valuation. Appellant relies on the Act of May 22, 1933, P. L. 853, sec. 518. The General County Assessment Law has been amended a number of times since its enactment, the last being on August 7, 1963, P. L. 553, 72 PS §5020-518.1, but in the original act and in all amendments thereto, the appeal must be taken within 60 days after the board for the assessment and revision of taxes has handed down a decision on appellant's appeal to the said board.

The board's preliminary objections are based on the Third Class County Assessment Law of June 26, 1931, P. L. 1379, as amended on July 29, 1953, 72 PS §5350. "After action on such assessments by said board, any dissatisfied taxable may, within thirty days from the final fixing of his assessment and valuation, appeal therefrom to the court of common pleas of the said

county in the manner provided by law for appeals and assessments; and it shall be the duty of the court at once to hear and determine said appeal, and, if necessary, to make such changes therein as may be right and proper".

As was mentioned above, the appeal was made after 30 days, but before 60 days had passed. A careful examination of the law in this area shows that this seemingly irreconcilable situation has not been met squarely in any decided case of record.

Neither act appears to be exclusive. Appellant, therefore, relies on the rule of statutory construction set forth in the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 66, 46 PS §566, that: "Whenever the provisions of two or more laws passed at different sessions of the Legislature are irreconcilable, the law latest in date of final enactment shall prevail". The more general act found in The General County Assessment Law was enacted two years subsequent to the statutory provision in the Third Class County Assessment Law. This being the case, it is necessary to look at the general provisions of the later act to see if it is meant to preempt all preceding enactments with which it came in conflict. Article I, sec. 103, of The General County Assessment Law, 72 PS §5020-103, provides, inter alia, as follows: "This act does not include any provisions, and shall not be construed to repeal: . . .

"(2) Except where specifically referred to in this act, the laws relating to boards of revision of taxes, or boards for the assessment and revision of taxes, in counties of the first, second and third classes; . . ."

Thus, by this provision the legislature expressed its intent to preserve the 30-day appeal period previously existing under the Third Class County Assessment Law, 72 PS §5350. As it is uncontroverted that appellants' appeal came after the 30-day period, the appellees' preliminary objections must be sustained.

594

## Order

And now, November 24, 1965, after oral argument and upon consideration of the briefs of counsel, the preliminary objections of the Board for the Assessment and Revision of Taxes of Montgomery County are sustained and the appeal dismissed.